UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-CV-82

CHETOLA SEVERN, LLC          )
                                   )
                                   )
             **APPELLANT**,      )
        **v.**                       )
**BANK OF GRANITE,**           )
                                   )         **<u>ORDER</u>**
          **APPELLEE.**       )
                                   )
_____ )

      **THIS MATTER** is before the Court on Appellant's Motion for Stay Pending Appeal of the Bankruptcy Court's Order of May 2, 2011 (Doc. # 3) filed July 22, 2011. This matter is ripe for disposition.

      The relevant facts in this case are outlined in detail in a May 2, 2011 Order issued by United States Bankruptcy Judge J. Craig Whitley (Doc. #1, 4-10). With the relevant facts in mind, a brief recital of the procedural posture is in order. On September 30, 2010, Appellant filed a Voluntary Petition for relief pursuant to Chapter 11 under Title 11 of the United States Code. On October 22, 2010, Bank of Granite filed a motion for relief from the automatic stay to allow Bank of Granite to exercise its state law rights and remedies against the real property described in the Deed of Trust executed by the Debtor. On May 2, 2011, the Bankruptcy Court granted Bank of Granite's Motion for Relief. On May 4, 2011, the Bankruptcy Administrator filed a Motion to Dismiss or Convert to Chapter 7. On June 14, 2011, the Appellant filed a Notice of Appeal to the United States District Court for the Western District of North Carolina.

On July 13, 2011, the Bankruptcy Court granted the Motion to Dismiss. A sheriff sale of the Appellant's property is currently scheduled for July 26, 2011. On July 20, 2011, the Appellant filed a Motion to Stay the Sheriff Sale on July 26, 2011 Pending Appeal in the Bankruptcy Court. Later that day, Counsel for Appellant was advised by Judge Whitley's Chambers that Judge Whitley would be denying the Appellant's request for a stay.

Appellant now requests a Stay Pending Appeal of the Bankruptcy Court's Order Granting Relief from the Automatic Stay to Bank of Granite. Appellant points to Federal Rule of Bankruptcy Procedure 8005 as providing this Court with the authority to grant such a stay. Appellant argues that it will prevail on its appeal to the district court and that irreparable harm will occur to Appellant if a stay is not granted and the sheriff sale is allowed to proceed prior to the conclusion of the Appeal. However, Federal Rule of Bankruptcy Procedure 8005 does not require this Court to grant a stay in the current case. Indeed, some courts have interpreted Rule 8005 to mean that a stay pending appeal is generally a question for the bankruptcy judge whose decision is subsequently reviewed for abuse of discretion. In re Lang, 414 F.3d 1191, 1201-02 (10th Cir. 2005); In re North Plaza, LLC, 395 B.R. 113, 118 (S.D. Cal. 2008); In re Forest Oaks, LLC, 2010 WL 1904340, at *2 (S.D. Ala. May 10, 2010). Upon review of the record as it currently stands, it is evident that the bankruptcy court did not abuse its discretion in denying the motion to stay. It is true that in determining whether to grant a stay under Rule 8005, courts consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Wilcox v. Stroup, 358 B.R. 835, 837-38 (D.S.C. 2006) (internal citation omitted). Importantly, failure to satisfy any of the four factors is sufficient grounds to

2

deny the requested stay. In re Adelphia Commc'ns Corp., 333 B.R. 649, 659 (S.D.N.Y. 2005). In the current case, Appellant does not point to any substantive error in the May 2, 2011, to show this Court that Appellant is likely to prevail on its appeal. Consequently, while the potential for irreparable harm in this case might favor granting the stay, Appellant's failure to show its likelihood of success on the merits weighs against granting the stay. This Court cannot say that the Bankruptcy Court abused its discretion in denying Appellant's Motion for a stay pending appeal. As such, this Court will DENY Appellant's Motion to Stay (Doc. #3).

THEREFORE, IT IS HEREBY ORDERED that Appellant's Motion to Stay (Doc. #3) is DENIED.

Signed: July 26, 2011

Richard L. Voorhees
United States District Judge